[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Norwalk, Connecticut on February 16, 1959. The plaintiff has resided continuously in this state since 1958. There are three sons, all of whom are adults. The evidence clearly established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 60 years old, and the defendant is age 61. Both indicate various health problems. Neither party is employed and each is supported by rental incomes from properties owned by them. The defendant worked throughout the marriage as a plumbing contractor. Both parties worked industriously in building, improving and managing their properties.
This was not a happy marriage for a number of years. The evidence indicates neither party was an ideal mate. Each must assume some responsibility for the breakdown of the marital relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The plaintiff is awarded the real properties located at 21 Dale Place, Stamford, Connecticut; 29 Dale Place, Stamford, Connecticut; and 59 Scofield Avenue, Stamford, Connecticut.
2. The defendant shall convey to the plaintiff his interest in the property known as 52 Stillwater Avenue, Stamford, Connecticut. The defendant shall assign to the plaintiff any claims he may have against the contractor hired to work on the building on these premises for negligent work performed and/or any breach of contract by the contractor.
3. The plaintiff is awarded her 1986 Nissan Sedan; her CBT savings and checking accounts.
4. From the escrow funds held by Squeglia, Trustee, the plaintiff is awarded fifty thousand ($50,000) dollars, and the defendant is awarded the entire balance of the funds.
5. The defendant shall execute to the plaintiff an assignment of a one-half interest of the present balance due on CT Page 2436 note secured by the mortgage obtained by the defendant from the sale of Shady Pine, Vermont property.
6. The defendant is awarded the following real properties:
 a. 75 Henry Street, Stamford, Connecticut; b. 48 Stillwater Avenue, Stamford, Connecticut; c. Signal Hill Circle, Windhall, Vermont; d. 1 acre lot, Windhall, Vermont; e. 3 lots located in Florida.
7. The defendant is awarded the 1984 and 1990 Oldsmobile automobiles he currently drives.
8. The defendant is awarded his machinery, truck, equipment and tools.
9. The defendant is awarded his People's Savings bank account and his Factory Point bank account.
10. The defendant shall retain a one-half interest in the mortgage receivable due from the sale of the Shady Pine, Vermont property.
11. The defendant is awarded his two "railroad" clocks. Also, the defendant may, upon reasonable advance notice to the plaintiff, remove his personal belongings, including tools and equipment, from the premises owned by the plaintiff.
12. Each part shall refrain from entering the premises of the other except by express invitation.
13. The tax liability, if any, for all of the years that the parties have filed joint federal income tax returns shall be borne equally by the parties. This liability includes tax, interest, penalty or other costs, fees or expenses resulting from any assessment.
14. Each party shall pay his and her own attorney's fees.
15. The plaintiff shall pay to the defendant as periodic alimony the sum of $1 per year, until the death of either party or the defendant's remarriage, whichever event first occurs. A contingent wage withholding order shall enter.
16. The defendant shall pay to the plaintiff as periodic alimony the sum of $1 per year, until the death of either party or the plaintiff's remarriage, whichever event first occurs. A contingent wage withholding order shall enter. CT Page 2437
Judgment shall enter accordingly.
NOVACK, J.